UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ORSINO IACOVONE, | ) | CASE NO. 1:10 CV 2013 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN BEIGHTLER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On September 9, 2010, petitioner *pro se* Orsino Iacovone filed the above-captioned habeas corpus action. The petition asserts Iacovone is incarcerated as a result of a post release control violation, but that his confinement is not supported by a journal entry.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, a petitioner must have exhausted all available state remedies in order to justify federal review. 28 U.S.C. § 2254.

There is no indication on the face of the petition that Iacovone has sought relief via an action for habeas corpus or mandamus in the Ohio courts. In fact, the petition indicates that Iacovone has not pursued any state remedies with respect to his current challenge. He has thus not exhausted his state court remedies. *Cf. Brewer v. Dahlberg*, 942 F.2d 328, 336-37 (6th Cir. 1991) (petitioner required to seek writ of habeas corpus under Ohio law where he alleged parole revocation occurred after sentence expired).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253;

Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: December 30, 2010                   */s/John R. Adams*_____
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE